EMMA L. STANLEY v. JOHN F. CHAMBERLAIN, GEORGE W. BROWN, BLOOMFIELD DRUMMOND AND CHARLES CHAMBERLAIN.

1. In a suit on a bond given under the thirty-third section of the Attachment act, to the sheriff on an appearance by the defendant, with the ordinary conditions, a judgment of *non pros.*, ordered in the original suit, and subsequently set aside, constitutes no defence. Such judgment of nonsuit is in itself no release of the sureties. And that is so, although the order contains express terms of release.

2. The court has no jurisdiction to order such discharge.

On rule to show cause, certified from the Monmouth Circuit.

The rule to show cause in this case and certified to this court, is to review the finding of the circuit judge in an action upon a bond given to the sheriff under the thirty-third section of the Attachment act, by John F. Chamberlain, the *defendant* in attachment, and the other defendants as his sureties, to Emma L. Stanley, the plaintiff in attachment, the bond having been assigned by the sheriff, under the order of the court, to the plaintiff, for prosecution. The bond was conditioned

for the return of the goods and chattels seized and taken by virtue of the writ of attachment issued at the suit of the plaintiff against John F. Chamberlain in case judgment should be recovered by the plaintiff. On the 23d day of October, 1875, on motion of the defendant, it was ordered that a nonsuit be entered in the attachment suit, and that the property of the defendant be released and discharged from the attachment issued against him, *and that the bondsmen on the bond filed in the above cause be released from any and all liability thereon.* On the 4th day of January then next, on hearing the parties, the court ordered the judgment of *non pros.* of October 23d, to be set aside and a continuance of the cause until the next term, and that the rule for nonsuit entered in the minutes on said last-mentioned day be vacated. In this latter order no express mention was made of the words of release contained in the former order.

The cause being tried subsequently on the merits, resulted in final judgment in favor of the plaintiff. The defence made to the suit on the bond was, that the order for nonsuit released the sureties from further obligation on their bond. The judge rejected the defence and found for the plaintiff in the penalty of the bond, and assessed her damages at the amount of the judgment for debt and costs recovered in the attachment suit, and interest.

Argued at November Term, 1880, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER and KNAPP.

For the rule, *J. S. Applegate* and *Cortlandt Parker.*

Contra, *W. H. Vredenburgh.*

The opinion of the court was delivered by

KNAPP, J. The legality of the determination and finding of the judge in this suit is questioned upon a single point, viz., upon the effect to be given the order nonsuiting the plaintiff in the attachment suit, and especially that part of it which

orders that the bondsmen be released from any and all liability on the bond sued on. The defendants claim the force of this to be fully and finally to discharge the defendants from the binding force of the obligation. The power of the court in its discretion to set aside the nonsuit and proceed to a trial of the cause upon the merits and to final judgment, is not questioned, but they insist that the order, in the form given to it on the court's minutes, had the force of a release; and that thereafter they were no longer bound by the contract. The bond sued on is conditioned for the return of the goods seized under the attachment, if judgment be recovered against the defendant by the plaintiff. The judgment contemplated in this condition is a final judgment in the suit.

Such judgment was rendered and proper proof of it was made in the cause. The event, then, was present on which the obligors by the terms of their deed had engaged that the goods should be delivered by the defendant, and the failure to make such delivery was a breach of the condition of the bond, if it still had vitality.

Did, then, the order of October 23d, or anything contained in the order, have the effect to release the obligors from their liability? The judgment of *non pros.* was not final in the cause for anything save costs. 2 *Arch. Prac.* 204. Had the suit stopped there it is plain that no liability to this plaintiff on the bond would have arisen; a final judgment in attachment in her favor being indispensable to any right in her under it. But the judgment so ordered to be entered was within the control of the court and liable to be, in its discretion, annulled to make way for trial and final determination of the cause upon its merits. 2 *Arch. Prac.* 206.

The power of the court over judgments of nonsuit not voluntarily suffered, to set them aside, being one of undoubted existence, when in its discretion that power was exerted, it swept the annulled judgment, with all its incidents, from the record as effectually as if it never had place there. The defendant in attachment was bound by all these proceedings in the suit, and the sureties on the bond are so far privies to the

suit as to be bound by all the proceedings which culminate in a judgment against the defendant. No rights vested in the defendants through the judgment of *non pros.*, precluding the court from setting it aside and opening the cause for trial upon the merits.

It is not seriously contended that the judgment of nonsuit, *per se*, worked the final discharge of the defendants; the main stress of the claim is rested upon the express words of release contained in the order. These, it is urged, adjudicate a direct release by order of the court which the subsequent reversing order could not or did not affect.

The bond is statutory ; it stands in place of the goods seized by the sheriff, and its design is to secure a return of the goods to answer the claims that might be established against the defendant under the attachment. It is not only for the benefit of the plaintiff in attachment, but for all applying creditors, and a recovery of judgment by any applying creditor to whose suit the defendant has appeared, is a judgment by the plaintiff within the meaning of the bond. *Hanness* v. *Smith et al.*, 2 *Zab.* 332. A failure to return the goods to answer any such claim established by judgment, is a breach of the bond. So far as the statute gives to the court power over it, there is jurisdiction to act; beyond this it stands as any other contract lawfully made, binding upon the parties to it according to its terms. Now, the only power given to the court over the bond, by the attachment act, is in case of a breach of the condition of the bond, and on the application of the plaintiff or any applying creditors of the defendant to designate the person to whom the sheriff shall assign the bond for prosecution for the interest of the claimants under the attachment. *Rev., p.* 47, § 33.

Nothing is found in the act conferring power on the court, under any circumstances, to discharge the defendant or his co-obligors from their contract obligation or to order the sheriff, in any event, to surrender the bond to the makers.

The circuit judge was clearly right in the opinion that the court had no power to release the bond.

McGovern v. Connell.

The established rule that judgments or orders informally or irregularly entered cannot be treated as nullities or collaterally attacked, but must have force until reversed by direct proceedings, is apart from this case. The rule applies only to such orders and judgments as are within the jurisdiction of the court to make. The words importing a release of the sureties were an improper addition to the rule by the clerk in entering it, and no mention of them was necessary in the reversing order.

Regarding it, as defendants insist we shall do, as a distinct order for the purpose expressed, it was *coram non judice*, and required no reversing to make it a nullity. Courts cannot thus unmake contracts or relieve the parties from their conventional force.

A judgment or order which is beyond the jurisdiction of the court, though existing in form, gives nothing in effect. By it no rights are divested, and from it none can be obtained. It neither binds nor bars any one. *Freeman on Judg.*, § 117.

The Circuit should be advised that the defence set up is invalid, and that the rule to show cause should be discharged.